NO.
12-09-00197-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JAMES
E. GIDDENS,                                       '                 APPEAL FROM THE 411TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 TRINITY COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

PER CURIAM

James
Edward Giddens appeals from the trial court’s denial of his motion for forensic
DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure.  Appellant’s
counsel has filed a brief asserting compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Appellant has filed a
pro se brief.  We dismiss the appeal.

 

Background

A Trinity
County jury found Appellant guilty of the offense of intoxication
manslaughter.  He pleaded true to two enhancement paragraphs, and the trial
court assessed punishment at imprisonment for forty-five years.  Appellant
appealed the jury verdict to the Fourteenth District Court of Appeals, which
affirmed his conviction on December 16, 1999.[1]

Appellant
filed a motion for forensic testing in 2009 in which he sought to exhume the
body of the deceased to test for intoxicants.  The trial court appointed
counsel and held a hearing.  Counsel told the court of the work he had done on
the case.  He also informed the court that he could not go forward because
Appellant did not raise the issue of identity in his motion.[2]  The trial court offered
Appellant an opportunity to speak and thereafter denied his motion.  This
appeal followed. 

 

Analysis
Pursuant to Anders v. California

Appellant’s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel’s brief presents a thorough chronological summary of
the procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.  See Anders, 386 U.S. at
745, 87 S. Ct. at 1400; see also Penson v. Ohio, 488 U.S. 75, 80,
109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).  Appellant argues in his brief
that he was denied due process because the investigating officer did not test
the body of the deceased for controlled substances and that he received
ineffective assistance of counsel.  We have reviewed the record for reversible
error and have found none in the trial court’s ruling on Appellant’s motion for
forensic DNA testing. 

 

Conclusion

As
required, Appellant=s counsel has moved for leave to
withdraw.  See In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim.
App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).  We are in agreement with Appellant’s counsel that
the appeal is wholly frivolous.  Accordingly, his motion for leave to withdraw
is hereby granted, and we dismiss this appeal.  See
In re Schulman, 252 S.W.3d at 408-09 (“After the completion of these
four steps, the court of appeals will either agree that the appeal is wholly
frivolous, grant the attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary
review. See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition
for discretionary review must be filed within thirty days from the date of
either this opinion or the last timely motion for rehearing that was overruled
by this court.  See Tex. R. App.
P. 68.2.  Any petition for discretionary review must be filed with this
court, after which it will be forwarded to the Texas Court of Criminal Appeals
along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered June 30, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
See Giddens v. State, No. 14-99-00518-CR, 1999 Tex. App. LEXIS
9317 (Tex. App.–Houston [14th Dist.] Dec. 16, 1999, no pet.) (per curiam).  In
2005, the legislature removed Trinity County from the jurisdiction of the
Fourteenth District Court of Appeals and added it to the jurisdiction of the
Twelfth District Court of Appeals.  See Act of May 26, 2005, 79th Leg.,
R.S., ch. 542, § 1(m), (o), 2005 Tex.
Gen. Laws 1466 (Vernon) (current version at Tex. Gov’t Code Ann. § 22.201 (Vernon Supp. 2009)).

 





[2]
See Tex. Code Crim. Proc. Ann. art.
64.03 (a)(1)(B) (Vernon Supp. 2009) (providing that identity being at issue is
one prerequisite to a trial court’s ordering forensic DNA testing).